PER CURIAM.
Plaintiff, City of Atlantic City, appeals from the dismissal by the Tax Court, after a trial, of its complaint challenging the exclusion by the Director of the New Jersey Division of Taxation and the Atlantic County Board of Taxation of two commercial sales from their calculations in formulating the 2007 Atlantic County Equalization Table. Judge Small found the sales properly excluded because they were part of a package deal with an arbitrary allocation of price, they constituted a non-useable assemblage of properties, and plaintiff failed to establish that the sales constituted a transaction between a willing buyer and willing seller, not compelled to buy nor compelled to sell, and knowledgeable of the market values of the properties.
On appeal, plaintiff contends:
THE TAX COURT ERRED WHEN IT AFFIRMED THE DELETION OF THE CHALLENGED SALES AS “NON-USABLE” IN THE SALES-RATIO STUDY, BECAUSE THE SALES WERE ARM’S LENGTH TRANSACTIONS BETWEEN KNOWLEDGEABLE CASINO COMPANIES AND THE TESTIMONY INDICATED THE SALES PRICES WERE IN LINE WITH SIMILAR PROPERTY VALUES IN ATLANTIC CITY.
We have considered this contention and reject it. We are satisfied from our review of the record that Judge Small’s factual findings are supported by substantial credible evidence, see Rova Farms Resort,, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974), and that he correctly applied the controlling legal principles. We affirm substantially for the reasons set forth by Judge Small, whose opinion is reported at 24 N.J.Tax 1 (2008).
Affirmed.